IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

OWNERS INSURANCE COMPANY,

    Plaintiff,

v.

JANCO 441 CONDO ASSOCIATION, INC.,

    Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57, Plaintiff Owners Insurance Company ("Owners") submits the following as its Complaint for Declaratory Judgment, and states:

### PARTIES

1. Plaintiff Owners Insurance Company is a corporation organized under the laws of the State of Ohio with its principal place of business located at 2325 N. Cole St., Lima, Ohio 45801. Owners is licensed and authorized to transact business and to issue insurance policies in the State of Colorado.

2. Defendant Janco 441 Condo Association, Inc. ("Janco") is a non-profit corporation organized under the laws of the State of Colorado and the owner of a commercial building located at 13301 W. 43rd Dr., Golden, Colorado 80403 (the "Building"). Its principal place of business is located at 13301 W. 43rd Dr. #6A, Golden, Colorado 80403.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C.§ 1332(a) because there is diversity of citizenship between the Parties and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and under 28 U.S.C. § 2201 because Owners seeks a declaration of its rights under the subject insurance policy.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Janco is a corporation organized under the laws of the State of Colorado and the events giving rise to Janco's property damage insurance claim, and the adjustment thereof, occurred in this District. Venue in this District is also appropriate because this action addresses an insurance dispute involving a contract negotiated and issued in Colorado regarding alleged property damage that occurred in Colorado.

## THE INSURANCE POLICY

5. Owners issued to Janco Policy No. 154632-74457908-16, effective August 15, 2016 to August 15, 2017 (the "Policy").

6. The Policy provided coverage for the Building, subject to the Policy's terms, provisions, conditions, and exclusions.

7. Specifically, the Policy provides Commercial Property Coverage for the Building of up to $1,651,100 per loss, subject to a $5,000 per loss deductible for wind and/or hail damage.

8. The Policy covers "direct physical loss of or damage to" the covered property.

9. The term "direct physical loss of or damage to" covered property means damage that causes a financial loss.

10. The Policy also provides "Ordinance and Law" coverage of up to $60,000 per loss

for increased costs of repairs or replacement with respect to a covered loss, subject to all the insurance Policy's terms and conditions.

  11. The Policy requires as follows:

    1. Duties In The Event Of Loss Or Damage

     a. You must see that the following are done in the event of loss or damage to [the Building]:

      \*\*\*

      (2) Give us prompt notice of the loss or damage. Include a description of the property involved.

      (3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

  12. With respect to the "Ordinance and Law" coverage, the Policy requires as follows:

    4. Loss payment under Coverage C [Ordinance and Law coverage] – Increased Cost of Construction Coverage will be determined as follows:

     a. We will not pay under Coverage C:

      (1) Until the property is actually repaired or replaced, at the same or another premises; and

      (2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage, not to exceed two years. We may extend this period in writing during the two years.

  13. Finally, the Policy requires as follows:

    D. LEGAL ACTION AGAINST US

    No one may bring a legal action against us under this Coverage Part unless:

    1. There has been full compliance with all of the terms of this

>> Coverage Part; and
>
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

## BACKGROUND

**A.    Janco's Initial Claim**

14.    On May 18, 2017, Janco notified Owners of a claim under the Policy for alleged hail damage to the Building from a storm that allegedly occurred on May 8, 2017 (the "Initial Claim"). In describing the damage, Janco stated, "Possible Hail Damage to building."

15.    The Building is a single story commercial building with two separate roofing coverings: (1) a sloped metal roofing system; and (2) a flat roofing system made of ethylene propylene diene terpolymer ("EPDM").

16.    On or around May 22, 2017, Janco reported that the Building had no leaks or broken windows, but that Janco would nevertheless like the roof inspected.

17.    Owners conducted an inspection of the Building on May 23, 2017.

18.    The initial inspection revealed damage to the sloped metal roof covering, 18 furnace vent caps, and 19 HVAC coils.

19.    As a result of the inspection, Owners determined that the sloped metal roof covering would need to be replaced and that some or all of the damaged furnace vent caps and HVAC units would need to be repaired or replaced.

20.    At the time of the inspection, no hail damage was present to the EPDM roof covering.

21.    Janco's roofing contractor also inspected the roof and never observed any damage to the EPDM roof covering.

22. Prior to September 15, 2020, neither Janco nor its contractor ever asked to supplement the Initial Claim to include any repairs to or replacement of the EPDM roof covering.

23. Owners paid all amounts Janco and its roofing contractor requested for the Initial Claim other than for purported "overhead and profit."

24. On May 8, 2019, Janco filed a lawsuit against Owners to recover the disputed overhead and profit.

25. After Owners agreed to pay the disputed overhead and profit, on August 9, 2019, Janco dismissed that lawsuit with prejudice without serving it on Owners.

26. Starting some time in 2019 or 2020, some Janco members began reporting water leaking into their units.

27. Janco representatives suspected the leaks were the result of the condition of the EPDM roof covering.

28. Janco representatives further suspected the condition of the EPDM roof covering was the result of the May 8, 2017 hail storm.

29. On September 15, 2020, Janco signed a release settling the Initial Claim (the "Release").

30. By the Release, Janco expressly released Owners from any liability for any further benefits related to the Initial Claim, including for any benefits or other compensation

> on account of or in any way growing out of any known and unknown injuries or damages resulting or to result from the following and each of them:
>
> 1. Any and all matters relating to [the Initial Claim] for certain damages claimed as a result of a hail storm that occurred on or

> about May 8, 2017 at 13301 W 43rd Dr., Golden, Colorado 80403, whether in contract, tort, statute or otherwise (including claims for unreasonable conduct of any kind under any theory, insurance bad faith, statutory unreasonable delay or denial of payment of benefits pursuant to C.R.S. §§ 10-3-1115 and 1116) and solely for matters that were addressed in that claim.

31.  The Release expressly exempted any issues regarding the EPDM roof covering, as follows:

> 2. This release specifically does not pertain to issues regarding the flat [EPDM] roof at the property that Janco 441 has discovered, and Janco 441 acknowledges that excepting those matters from this release in no way affects any policy defenses that may otherwise apply to a claim for damage to the flat [EPDM] roof at the property, should one be made.

32.  As a result of the Release, all claims that Janco did assert or could have asserted against Owners arising out of or relating to the Initial Claim were released. The Initial Claim was fully resolved.

**B.    Janco's Additional Claim**

33.  On October 13, 2020, Janco notified Owners of an additional claim under the Policy for other alleged hail damage to the Building from the May 8, 2017 storm (the "Additional Claim"). In describing the damage, Janco stated:

> According to the property manager, a new roofer looked at the EPDM roof and says there is hail damage to it from the 5/8/2017 hail storm. It is unknown as to why the original roofer or adjuster didn't make note of these damages. The business can operate under current damages [sic].

34.  On November 10, 2020, Janco's contractor provided an estimate of the cost to replace the Building's EPDM roof covering totaling $461,174.67, including $200,633.10 for increased costs that would be incurred as a result of local ordinances and laws.

6

35. Owners retained an independent engineer to inspect the Building's EPDM roof covering "to determine if the substrate beneath the roof covering was damaged by hail as well as if there were any interior leaks related to a date of loss (DOL) storm event reportedly occurring on May 8, 2017."

36. The independent engineer inspected the building on February 3, 2021.

37. During the course of his investigation, the engineer also spoke with some of the Building's tenants, some of whom reported first observing leaks in 2019 and 2020.

38. After conducting his inspection and tenant interviews, the engineer concluded in part that:

> Hail fell at the [Building] on May 8, 2017 and caused indentations and mars to the fiberboard substrate.
>
> These indentations and mars to the fiberboard do not affect the performance or the long-term service life of the roof system.
>
> \*\*\*
>
> The interior leaks were not a result of hailfall on May 8, 2017.

39. Following a review of the engineer's findings, on April 15, 2021, Owners sent Janco a coverage position letter advising it had determined there was no coverage under the Policy for the condition of the EPDM roof covering because: (1) that condition was not caused by the May 8, 2017 hailstorm; (2) there was no "direct physical loss of or damage to" the EPDM roof covering that caused a financial loss to Janco; (3) notice was not provided to Owners within two years of loss; (4) no action had been brought within the time period required by the Policy; and (5) as to Ordinance and Law coverage, repairs had not been completed within two years of the purported date of loss.

40. During the two years following the May 8, 2017 hail storm, Owners never extended the Policy's two year period in which to complete repairs or replacement to receive Ordinance and Law coverage with respect to either the Initial Claim or the Additional Claim.

41. In the April 15, 2021 coverage position letter, Owners reserved all rights and defenses with respect to the Additional Claim.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment against Janco)

42. Owners incorporates the previous paragraphs as though set forth in full.

43. There is a real, substantial, and justifiable issue in controversy between the Parties with respect to insurance coverage under the Policy. *See* 28 U.S.C. § 2201.

44. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy between the Parties.

45. A judicial determination and a declaration of the rights and obligations of the Parties are necessary and appropriate at this time.

46. The Policy does not provide coverage for the Additional Claim.

47. Owners owes no amounts under the Policy or otherwise to or on behalf of Janco with respect to the Additional Claim under the Policy's coverage and exclusionary language because of any or all of the following:

   a. the condition of the Building's EPDM roof covering was not caused by the May 8, 2017 hailstorm;

   b. there was no "direct physical loss of or damage to" the EPDM system that caused financial loss to Janco;

   c. notice of damage to the EPDM roof covering was not provided to Owners

within two years of loss;

   d. Janco did not bring an action based on the EPDM roof covering within the time period required by the Policy; or

   e. as to Ordinance and Law coverage, repairs had not been completed within two years of the purported date of loss and Owners did not extend that period in the two years following the May 8, 2017 hailstorm.

48. Owners seeks a declaratory judgment in its favor and against Janco declaring that, as a matter of law, Owners is not liable for and Janco is not entitled to any benefits under the Policy with respect to the Additional Claim and any other relief the Court deems just and proper under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Owners respectfully requests that the Court enter a declaratory judgment in its favor and against Janco to include: (1) a declaration that Owners is not liable for and Janco is not entitled to any benefits under the Policy with respect to the Additional Claim; and (2) and a judgment for any other relief the Court deems just and proper under the circumstances, including costs and attorneys' fees to the extent permitted by applicable law.

DATED: August 18, 2021

/s/ Nathaniel Scott Barker
Evan Stephenson
Nathaniel Scott Barker
Spencer Fane, LLP
1700 Sherman Street, Suite 2000
Denver, CO 80203
Phone: 303.839.3800
Fax: 303.839.3838
Email: estephenson@spencerfane.com
nbarker@spencerfane.com

*Attorneys for Plaintiff Owners Insurance Company*